IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Valerie Sanders, | ) | C/A No.: 1:17-293-CMC-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| Regional Finance Corporation of | ) | |
| South Carolina, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter comes before the court on the motion to strike of defendant Regional Finance Corporation of South Carolina ("Defendant") filed on March 14, 2017, to strike a portion of the complaint of Valerie Sanders ("Plaintiff"). Plaintiff failed to file a response to the motion. Because Plaintiff's response deadline has passed, the motion is ripe for disposition.[3]

All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.). For the reasons that follow, the court grants the motion to strike as unopposed.

I.      Factual and Procedural Background

Plaintiff filed her complaint against Defendant, her employer, alleging claims for (1) race discrimination in violation of Title VII of the Civil Rights Act of 1964, as

---

[3] Because the motion requests the court strike limited portions of Plaintiff's complaint rather than the entire complaint, the motion appears to be non-dispositive and may be ruled on by a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A).

amended, 42 U.S.C. § 2000e *et seq.*; (2) race discrimination in violation of 42 U.S.C. § 1981; (3) retaliation in violation of Title VII and Section 1981; (4) overtime violations under the Fair Labor Standards Act, as amended ("FLSA"), 29 U.S.C. §201 *et seq.*; and (5) unpaid wages under the South Carolina Payment of Wages Act, S.C. Code Ann § 41-10-10, et seq. ("SCPWA").

Defendant argues that, according to her charge of discrimination filed with the Equal Employment Opportunity Commission ("EEOC") on January 28, 2016 [ECF No. 5-1], Plaintiff's scope of claims under Title VII occurred between September 12, 2015, and November 16, 2015. The EEOC charge did not allege the discrimination involved a continuing action/violation. *Id.* Defendant argues, therefore, applying the 300-day limitations period applicable to Plaintiff's Title VII claims under 42 U.S.C. § 2000e-5(e)(1), the earliest date on which a discrete incident of alleged discrimination could have occurred and still been timely was April 3, 2015.

Defendant argues that Plaintiff's claim under 42 U.S.C. § 1981 is subject to, at most, a four-year limitations period. *See James v. Circuit City Stores, Inc.*, 370 F.3d 417, 422 (4th Cir. 2004) (citing *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369 (2004)). Based on Plaintiff's filing of the Complaint on January 31, 2017 [ECF No. 1], Defendant argues the earliest date on which a discrete incident of alleged discrimination could have occurred and still been timely under Section 1981 was January 31, 2013.

Upon service of the original complaint upon it, Defendant filed its motion to strike on March 14, 2017 [ECF No. 5], together with its answer [ECF No. 6]. Defendant's motion seeks to strike an allegation and corresponding exhibit from Plaintiff's complaint,

2

pursuant to Fed. R. Civ. P. 12(f), on the grounds that they contain matter that is immaterial, impertinent, or scandalous. [ECF No. 5 at 1]. Plaintiff's opposition to the motion to strike was due by March 28, 2017. Plaintiff did not file an opposition to the motion, but on March 28, 2017, filed an amended complaint [ECF No. 9], using the identical language and exhibit that is the subject of the motion to strike. Because Plaintiff's amended complaint contains the same language as the original complaint, the court considers the motion to strike with respect to the operative amended complaint.

II.   Discussion

Rule 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P 12(f). "Rule 12(f) motions are generally viewed with disfavor 'because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic.'" *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001) (quoting 5A A. Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1380 (2d ed. 1990)). Whether to grant a motion to strike under Rule 12(f) is within the sound discretion of the court. *See GTSI Corp. v. Wildflower Int'l, Inc.*, C/A No. 1:09CV123, 2009 WL 2160451, at *4 (E.D. Va. July 17, 2009).

Defendant specifically contends that paragraph 31 and Exhibit 2 of the complaint (corresponding to paragraph 33 and Exhibit 2 of the amended complaint) should be stricken. The paragraph states "When Sanders was speaking with her co-workers about her email password, Mr. Wilson suggested her password should be "BigDicks1824" and wrote it down on her email login information. (Exhibit 2)." Exhibit 2 appears to include

3

an email sent May 18, 2012, containing Plaintiff's company email address and the password allegedly suggested. Defendant argues that the offending allegation and Exhibit 2 involve an isolated incident of alleged discriminatory conduct that allegedly occurred in May 2012 by an individual not mentioned in Plaintiff's charge or elsewhere, aside from noting his role as one of her supervisors. Defendant argues these allegations were not included in Plaintiff's charge, were not investigated by the EEOC, have no connection to the allegations in her charge, would not have been timely in her charge, and are not timely under Section 1981. Defendant argues that they are therefore irrelevant and immaterial to Plaintiff's claims and were included in the complaint for the exclusive purpose of attempting to harass and embarrass Regional. Further, Defendant claims that these "immaterial, impertinent, [and] scandalous" allegations are not properly included in Plaintiff's pleading, such that the Court should strike them under Fed. R. Civ. P. 12(f), citing *Miller v. Walker*, 577 F. Supp. 948, 950-51 (S.D.W. Va. 1984) (striking allegations of alleged discrimination that exceeded the scope of the plaintiff's EEOC charge); *and Hubbard v. Rubbermaid, Inc.*, 436 F. Supp. 1184, 1193-94 (D. Md. 1977) (same).

The court agrees that the offending allegation and exhibit is impertinent and scandalous and should be stricken from the complaint. *See* 61A Am. Jur. 2d *Pleading* §§ 466, 471 (defining impertinent matter as consisting of "any allegation not responsive or relevant to the issues involved in the action and which could not be put in issue or be given in evidence between the parties" and defining scandalous matter as that which "improperly casts a derogatory light on someone, usually a party to the action").

Plaintiff having failed to file an opposition to the motion, the court grants Defendant's motion to strike and strikes paragraph 31 and Exhibit 2 of the complaint (corresponding to paragraph 33 and Exhibit 2 of the amended complaint).

IT IS SO ORDERED.

July 14, 2017
Columbia, South Carolina

Shiva V. Hodges
United States Magistrate Judge